15,43,APPEAL,CLOSED,REFER,REMOVAL

# U.S. District Court
# CENTRAL DISTRICT OF ILLINOIS (Rock Island)
# CIVIL DOCKET FOR CASE #: <u>4:22–cv–04075–SLD–JEH</u>

People of the State of Illinois v. 3M Company
Assigned to: Chief Judge Sara Darrow
Referred to: Magistrate Judge Jonathan E. Hawley
Cause: 28:1442 Notice of Removal

Date Filed: 04/21/2022
Date Terminated: 09/22/2023
Jury Demand: Plaintiff
Nature of Suit: 893 Environmental Matters
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**People of the State of Illinois**
*ex rel. Kwame Raoul, Attorney General*
*of the State of Illinois*

represented by **Adam J Levitt**
DICELLO LEVITT GUTZLER LLP
6th Floor
10 North Dearborn Street
Chicago, IL 60602
312–214–7900
Email: alevitt@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy E Keller**
DICELLO LEVITT GUTZLER LLP
6th Floor
10 North Dearborn Street
Chicago, IL 60602
312–214–7900
Email: akeller@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Rock Flynn**
DICELLO LEVITT GUTZLER LLP
6th Floor
10 North Dearborn Street
Chicago, IL 60602
312–214–7900
Email: dflynn@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald Thomas Karr**
OFFICE OF THE ILLINOIS ATTORNEY
GENERAL
Suite 1800
69 West Washington Street
Chicago, IL 60602
312–814–3369
Email: gerald.karr@ilag.gov

*TERMINATED: 12/21/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J Sylvester**
OFFICE OF THE ILLINOIS ATTORNEY
GENERAL
Suite 1800
69 West Washington Street
Chicago, IL 60602
312–814–5396
Fax: 312–814–2347
Email: ssylvester@atg.state.il.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Michael Utter**
CALLOW & UTTER, LLC
Suite 170
8044 Montgomery Road
Cincinnati, OH 45236
513–659–3130
Email: gmutter@callowandutter.com
*ATTORNEY TO BE NOTICED*

**Joseph M. Callow , Jr**
CALLOW & UTTER, LLC
Suite 170
8044 Montgomery Road
Cincinnati, OH 45236
513–659–3130
Email: jcallow@callowandutter.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**                    represented by    **Daniel L. Ring**
*a Delaware Corporation*                            MAYER BROWN LLP
71 S Wacker Drive
Chicago, IL 60606
312–701–8520
Email: dring@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Richard F Bulger**
MAYER BROWN LLP
71 S Wacker Drive
Chicago, IL 60606
312–706–0600
Fax: 523–4948

Email: rbulger@mayerbrown.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 04/21/2022 | 1 | NOTICE OF REMOVAL from State of Illinois Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, case number 2022LA16 ( Filing fee $ 402 ), filed by 3M Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B – Part 1, # 3 Exhibit B – Part 2, # 4 Exhibit B – Part 3, # 5 Exhibit C, # 6 Civil Cover Sheet)(Bulger, Richard) (Entered: 04/21/2022) |
| 04/21/2022 | 2 | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by 3M Company. (Bulger, Richard) (Entered: 04/21/2022) |
| 04/22/2022 | | Filing fee received: $402, receipt number 44626004065 (JRK) (Entered: 04/22/2022) |
| 04/26/2022 | | NOTICE TO COUNSEL entered in MDL Case No. 2873 IN RE: Aqueous Film–Forming Foams Products Liability Litigation. The Clerk of the Panel has determined the listed action(s) is not appropriate for inclusion in this MDL. See Rule 7.1(b)(i). Signed by Clerk of the Panel John W. Nichols on 4/25/22. (TC) (Entered: 04/26/2022) |
| 04/29/2022 | 3 | MOTION to Remand by Plaintiff People of the State of Illinois. Responses due by 5/13/2022 (Flynn, Daniel) (Entered: 04/29/2022) |
| 04/29/2022 | 4 | MEMORANDUM in Support re 3 MOTION to Remand filed by Plaintiff People of the State of Illinois. (Attachments: # 1 Certificate of Compliance, # 2 Exhibit A)(Flynn, Daniel) (Entered: 04/29/2022) |
| 05/09/2022 | 5 | NOTICE regarding Motion for Transfer of Actions filed before the MDL Panel. (Attachments: # 1 MDL Motion to Transfer with Memorandum in Support, # 2 Schedule of Action, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Envelope)(JRK) (Entered: 05/09/2022) |
| 05/13/2022 | 6 | STIPULATION *and Proposed Order Regarding Case Deadlines* by 3M Company.. (Bulger, Richard) (Entered: 05/13/2022) |
| 05/13/2022 | | TEXT ORDER entered by Chief Judge Sara Darrow on May 13, 2022. Plaintiff People of the State of Illinois has filed a 3 motion to remand this case to state court. Defendant 3M Company's response is currently due May 13, 2022. Defendant has filed a motion to transfer this case to a multi–district litigation proceeding before the Judicial Panel on Multidistrict Litigation ("JPML"). See 5 Not. MDL Transfer Mot. 1. Defendant now files a 6 stipulation regarding case deadlines, indicating that the parties have agreed to extend the deadline for Defendant to respond to the 3 motion to remand to May 20, 2022 and to extend the deadline for Defendant to respond to the [1–1] complaint to after the motions pending before this Court and the JPML are resolved. 6 Stipulation 2. The 6 stipulation, construed as a motion, is GRANTED. Defendant's response to the 3 motion to remand is now due May 20, 2022. Defendant's answer or other response to the [1–1] complaint is now due 14 days after this Court resolves the 3 motion to remand or the JPML resolves the motion to transfer, whichever occurs later. Defendant is DIRECTED to file a status report with the Court within 7 days of the JPML's decision, informing the Court of the JPML's decision. (AAK) (Entered: 05/13/2022) |

| 05/20/2022 | 7 | RESPONSE to Motion re 3 MOTION to Remand filed by Defendant 3M Company. (Bulger, Richard) (Entered: 05/20/2022) |
| 05/20/2022 | 8 | MOTION to Stay *Pending Transfer Decision by JPML on Multidistrict Litigation and Memorandum of Law in Support* by Defendant 3M Company. Responses due by 6/3/2022 (Attachments: # 1 Exhibit 1)(Bulger, Richard) (Entered: 05/20/2022) |
| 06/03/2022 | 9 | RESPONSE to Motion re 8 MOTION to Stay *Pending Transfer Decision by JPML on Multidistrict Litigation and Memorandum of Law in Support PLAINTIFFS RESPONSE IN OPPOSITION TO 3M COMPANYS MOTION TO STAY* filed by Plaintiff People of the State of Illinois. (Attachments: # 1 Certificate of Compliance, # 2 Exhibit A)(Flynn, Daniel) (Entered: 06/03/2022) |
| 06/10/2022 | 10 | MOTION for Leave to File *Reply in Support of Motion to Stay this Action Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation* by Defendant 3M Company. Responses due by 6/24/2022 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Bulger, Richard) (Entered: 06/10/2022) |
| 08/03/2022 | 11 | MDL Remark: ORDER DENYING TRANSFER re: pldg. (12 in ILC/4:22−cv−04075, 1472 in MDL No. 2873), (2 in ILC/4:22−cv−04075, 1392 in MDL No. 2873) The tag−along motion to transfer, pursuant to 28 U.S.C. 1407, is DENIED<br><br>Signed by Judge Karen K. Caldwell, Chair, PANEL ON MULTIDISTRICT LITIGATION, on 8/3/2022.<br><br>Associated Cases: MDL No. 2873, ILC/4:22−cv−04075 (JRK) (Entered: 08/03/2022) |
| 12/20/2022 | 12 | MOTION to Withdraw as Attorney *Gerald T. Karr* by Plaintiff People of the State of Illinois. Responses due by 1/3/2023 (Attachments: # 1 Text of Proposed Order)(Karr, Gerald) (Entered: 12/20/2022) |
| 12/21/2022 | | TEXT ORDER granting 12 Petition for leave to Withdraw as Counsel. Attorney Gerald Thomas Karr terminated as counsel of record for Plaintiff. Entered by Magistrate Judge Jonathan E. Hawley on 12/21/22. (WG) (Entered: 12/21/2022) |
| 03/10/2023 | 13 | MOTION for Hearing *Status Conference* by Plaintiff People of the State of Illinois. Responses due by 3/24/2023 (Flynn, Daniel) (Entered: 03/10/2023) |
| 03/13/2023 | | TEXT ORDER entered by Magistrate Judge Jonathan E. Hawley on 3/13/23: Motion Hearing re 13 Motion for Hearing and to Conduct Limited Discovery set for 3/21/2023 at 2:30 PM via telephone before Magistrate Judge Jonathan E. Hawley. Parties to dial (551) 285−1373 and enter the Meeting ID 16009516536 when prompted to do so. (FDS) (Entered: 03/13/2023) |
| 03/21/2023 | | Minute Entry for proceedings held before Magistrate Judge Jonathan E. Hawley: Parties present via telephone by Attys Daniel Flynn (Anna Skinner & Joe Callow not yet admitted) for Plaintiff and Attys Daniel Ring & Daniel Rothenburg (not yet admitted) for Defendant for Hearing held on 3/21/23. Parties agree motions 8 Motion to Stay Pending Transfer Decision and 10 Motion for Leave to File Reply in Support of Motion to Stay this Action Pending Transfer Decision by the Judicial Panel on Multi−District Litigation are MOOT. Discussion held regarding 13 Motion for Status Conference and Leave to Conduct Limited Discovery. Motion 13 is granted to the extent hearing held. Plaintiff to file a motion regarding limited discovery by 4/4/23. Defendant to file response by 4/18/23. The Court will set the matter for oral argument if necessary after review. (Tape #PRC: 2:31 p.m.) (FDS) (Entered: 03/21/2023) |

| 03/21/2023 | | Set/Reset Deadlines: Motion due by 4/4/2023. Responses due by 4/18/2023 (FDS) (Entered: 03/21/2023) |
|---|---|---|
| 03/21/2023 | 14 | PDF with attached Audio File. Court Date & Time [03/21/2023 02:31:28 PM]. File Size [ 8777 KB ]. Run Time [ 00:18:25 ]. (admin). (Entered: 03/21/2023) |
| 03/28/2023 | 15 | NOTICE of Appearance of Attorney by Daniel L. Ring on behalf of 3M Company (Ring, Daniel) (Entered: 03/28/2023) |
| 03/29/2023 | 16 | NOTICE of Appearance of Attorney by Gregory Michael Utter on behalf of People of the State of Illinois (Utter, Gregory) (Entered: 03/29/2023) |
| 03/29/2023 | 17 | NOTICE of Appearance of Attorney by Joseph M. Callow, Jr on behalf of People of the State of Illinois (Callow, Joseph) (Entered: 03/29/2023) |
| 04/04/2023 | 18 | MOTION to Conduct Jurisdictional Discovery in Further Support of Motion to Remand re 4 Memorandum in Support of Motion, 3 MOTION to Remand by Plaintiff People of the State of Illinois. Responses due by 4/18/2023 (Utter, Gregory) (Entered: 04/04/2023) |
| 04/04/2023 | 19 | MEMORANDUM in Support re 18 MOTION to Conduct Jurisdictional Discovery in Further Support of Motion to Remand re 4 Memorandum in Support of Motion, 3 MOTION to Remand filed by Plaintiff People of the State of Illinois. (Utter, Gregory) (Entered: 04/04/2023) |
| 04/14/2023 | 20 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings: STATUS HEARING held on 3/21/2023, before Judge Jonathan Hawley. Court Reporter/Transcriber Deb Thornbug, Telephone number 309–948–7026. Tape Number: PRC 2:31 p.m. Transcript purchased by: Daniel Rottenberg.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e–filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/5/2023. Redacted Transcript Deadline set for 5/15/2023. Release of Transcript Restriction set for 7/13/2023. (JRK) (Entered: 04/14/2023) |
| 04/18/2023 | 21 | RESPONSE to Motion re 18 MOTION to Conduct Jurisdictional Discovery in Further Support of Motion to Remand re 4 Memorandum in Support of Motion, 3 MOTION to Remand filed by Defendant 3M Company. (Ring, Daniel) (Entered: 04/18/2023) |
| 04/27/2023 | | |

| | | |
|---|---|---|
| | | TEXT ORDER entered by Magistrate Judge Jonathan E. Hawley on 4/27/23: Motion Hearing re 18 Motion to Conduct Jurisdictional Discovery in Further Support of Motion to Remand set for 5/9/2023 at 1:30 PM in Courtroom C in Peoria before Magistrate Judge Jonathan E. Hawley.(FDS) (Entered: 04/27/2023) |
| 05/09/2023 | | Minute Entry for proceedings held before Magistrate Judge Jonathan E. Hawley: Parties present in open court by Attys Daniel Flynn and Joseph Callow, Jr. for Plaintiff and Atty Daniel Ring for Defendant for Motion Hearing held on 5/9/23. The Court GRANTS 13 Motion for Hearing as hearing held. Discussion held regarding 18 Motion to Conduct Jurisdictional Discovery in Further Support of Motion to Remand. The Court DENIES Motion 18 as stated on the record. (Tape #PRC: 1:25 p.m.) (FDS) (Entered: 05/09/2023) |
| 05/09/2023 | 22 | PDF with attached Audio File. Court Date & Time [05/09/2023 01:25:21 PM]. File Size [ 17638 KB ]. Run Time [ 00:37:08 ]. (admin). (Entered: 05/09/2023) |
| 09/21/2023 | 23 | ORDER entered by Chief Judge Sara Darrow on September 21, 2023. Plaintiff People of the State of Illinois, ex. rel. Kwame Raoul, Attorney General of the State of Illinois's 3 Motion to Remand is GRANTED. This suit is remanded back to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County. (AAK) (Entered: 09/21/2023) |
| 10/20/2023 | 24 | NOTICE OF APPEAL as to 23 Order on Motion to Remand, by 3M Company. Filing fee $ 505. (Bulger, Richard) (Entered: 10/20/2023) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

PEOPLE OF THE STATE OF ILLINOIS,
*ex rel.* KWAME RAOUL, Attorney General
of the State of Illinois,

                    Plaintiff,

     v.

3M COMPANY, a Delaware Corporation,

                    Defendant.

Case No. 4:22-cv-04075-SLD-JEH

Chief Judge Sara Darrow

## NOTICE OF APPEAL

Pursuant to 28 U.S.C. §§ 1291 and 1447(d) and Rule 3 of the Federal Rules of Appellate Procedure, Defendant 3M Company hereby gives notice that it appeals to the United States Court of Appeals for the Seventh Circuit from the Order entered in this action on September 21, 2023 (Dkt. No. 23), granting Plaintiff's Motion for Remand (Dkt. No. 3).

Respectfully submitted,

**3M COMPANY**

October 20, 2023          By: */s/ Richard F. Bulger*
                              Richard F. Bulger (IL Bar No. 6220636)
                              Daniel L. Ring (IL Bar No. 6216750)
                              Mayer Brown LLP
                              71 South Wacker Drive
                              Chicago, IL 60606
                              Telephone: (312) 782-0600
                              rbulger@mayerbrown.com
                              dring@mayerbrown.com

                              *Counsel for Defendant 3M Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I caused the foregoing document to be filed with the Clerk of the Court through the ECF/CM system, which will serve notice of the filing upon all counsel of record.

Dated: October 20, 2023                    */s/ Richard F. Bulger*
                                            Richard F. Bulger

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex. rel*. KWAME RAOUL, Attorney General of the State of Illinois, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-04075-SLD-JEH |
| | ) | |
| 3M COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Plaintiff People of the State of Illinois, *ex. rel*. Kwame Raoul, Attorney General of the State of Illinois's Motion to Remand, ECF No. 3.  For the following reasons, the motion is GRANTED.

**BACKGROUND**

On March 16, 2022, Plaintiff filed a complaint in Illinois state court against Defendant 3M Company.  Compl., ECF No. 1-1 at 5–69.  According to the complaint, Defendant is a manufacturing company which operates throughout the United States.  *Id*. at 10.  Since the 1970s, it has operated a manufacturing facility on the banks of the Mississippi River in Cordova, Illinois (the "Cordova Facility").  *Id*.  Defendant produces numerous chemical products at this facility, some of which contain perfluoroalkyl and polyfluoroalkyl substances ("PFAS").  *Id*. at 11–12.

PFAS are toxic chemicals that are harmful to public health, safety, and welfare, as well as to the environment.  *Id*. at 3.  The United States Environmental Protection Agency ("US EPA") has established a lifetime health advisory level for certain PFAS compounds.  *Id*. at 12.  The Illinois Environmental Protection Agency ("Illinois EPA") has also established health advisories

1

containing health-based guidance levels for several PFAS.  *Id.*  Defendant "has detected PFAS in wastewater at, from, and around the Cordova Facility at levels injurious to public health and welfare and to the environment."  *Id.*  These levels are "thousands of times higher" than the levels established by the US EPA and the Illinois EPA.  *Id.* at 13.  The US EPA has also detected levels of PFAS in wastewater from the Cordova Facility that exceed its and the Illinois EPA's established levels.  *Id.*

Plaintiff claims that "[o]n information and belief, [Defendant] manufactured and disposed of PFAS and/or PFAS-containing products at the Cordova Facility in a manner that caused PFAS to be released into Illinois' environment."  *Id.* at 12.  Explicitly excluded from the definition of PFAS as used in the complaint are "any PFAS that have contaminated Illinois' environment or natural resources from aqueous film-forming foams ("AFFF") containing . . . PFAS compound[s]."  *Id.* at 8.  Plaintiff alleges that Defendant "negligently operated [the] Cordova Facility such that it allowed the discharge, emission, placement, disposal, leakage, spillage, and/or abandonment of PFAS" and that, despite knowing that PFAS are toxic and pose substantial risks to health and the environment, it "persistently and intentionally hid this information from Illinois and the public."  *Id.* at 19.  Plaintiff brings claims for violation of the Illinois Environmental Protection Act, 415 ILCS 5/1–5/58.17 (Counts I, II, III, IV, and V); violation of the Illinois Fish and Aquatic Life Code, 515 ILCS 5/1-1–5/50-1, and Wildlife Code, 520 ILCS 5/1.1–5/4.4 (Count VI); negligence (Count VII); trespass (Count VIII); common law public nuisance (Count IX); and common law prohibition on unjust enrichment (Count X).  Compl. 38–60.  It seeks compensatory damages for the PFAS contamination and the costs of remediation; injunctive relief to address past, present, and future PFAS contamination; and statutory penalties, as well as attorney's fees, costs, and prejudgment interest.  *Id.* at 61–63.

On April 21, 2022, Defendant removed this action to the Central District of Illinois.  Not. Removal, ECF No. 1.  It cites the federal officer removal statute, 28 U.S.C. § 1442(a)(1), as the basis for federal jurisdiction.  *Id.* at 3.  As the suit "seeks damages for all Illinois natural resources allegedly contaminated with PFAS from the Cordova Facility—including downstream areas of the Mississippi River," Defendant argues that the alleged contamination for which Plaintiff alleges Defendant is responsible "plausibly may encompass and overlap with PFAS contamination" from other sources, specifically, the use, storage, and/or disposal of AFFF ("MilSpec AFFF") by the U.S. Military at the Rock Island Arsenal, twenty-five miles downstream from the Cordova Facility.  *Id.* at 2.  Defendant states that because it developed and sold MilSpec to the U.S. Military, some of which was stored and used at the Rock Island Arsenal, it intends to assert the federal government contractor defense, entitling it to a federal forum.  *Id.* at 2, 8, 14.

Plaintiff now moves to remand this case back to state court, arguing that the federal officer removal statute is not a basis for removal because Plaintiff does not seek to hold Defendant liable for contamination from any MilSpec AFFF released from the Rock Island Arsenal but rather only for PFAS discharged specifically from the Cordova Facility.  Mem. Supp. Mot. Remand 1–2, ECF No. 4.

**DISCUSSION**

## I.     Removal

### A.  Legal Standard

"The federal officer removal statute permits a defendant to remove to federal court a state-court action brought against the 'United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official

3

or individual capacity for any act under color of such office.'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 145 (2007) (emphasis omitted) (quoting 28 U.S.C. § 1442(a)(1)). A plaintiff may move to remand the case to state court for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c). "The party seeking removal bears the burden of proving the grounds for its motion." *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012).

A defendant need not submit evidence in support of its notice of removal under the federal officer removal statute. *Betzner v. Boeing Co.*, 910 F.3d 1010, 1016 (7th Cir. 2018). Rather, "[j]urisdictional allegations control unless it is legally impossible for them to be true." *Id.* at 1014 (alteration in original) (quotation marks omitted). Courts will review "allegations in support of removal under the federal pleading standards, asking whether they are facially plausible." *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020).

### B. Analysis

The central purpose of the federal officer removal statute is to protect the federal government and its operations from potential interference by the states through proceedings in state court. *Watson*, 551 U.S. at 150. Because such proceedings "may reflect local prejudice against unpopular federal laws or federal officials" and may deprive federal officials of a federal forum in which to assert federal immunity defenses, it is important for a federal forum to be available. *Id.* (quotation marks omitted). The same considerations apply to a private person who acts with or for federal officers or agents in executing duties under federal law. *Id.* at 151.

For a defendant to remove a case pursuant to the statute, it "must show it was a (1) 'person' (2) 'acting under' the United States, its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." *Ruppel*, 701 F.3d at 1180–81 (quoting 28 U.S.C. § 1442(a)). The statute

thus operates as an exception to the well-pleaded complaint rule: whereas an action may generally only be removed to federal court under federal question jurisdiction if "the federal question . . . appear[s] on the face of [the] properly pleaded complaint," under the federal officer removal statute, "the federal-question element is met if the defense depends on federal law." *Jefferson County v. Acker*, 527 U.S. 423, 430–31 (1999).  At this stage, the court will credit the removing party's theory of the case, even if both sides "have reasonable theories."  *See Baker*, 962 F.3d at 947.  The concern is "with who makes the ultimate determination, not what that determination will be."  *Id.* (quotation marks omitted).  The Supreme Court "has made clear that courts must liberally construe" the statute.  *Id.* at 941 (quotation marks omitted); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (noting that "the policy favoring removal [under the federal officer removal statute] should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)" (quotation marks omitted)); *Ruppel*, 701 F.3d at 1180 ("[T]he federal officer removal statute is not narrow or limited." (quotation marks omitted)).

The Court will examine whether Defendant has satisfied each requirement of the statute.

### i.   Person Within Meaning of Statute

Corporations are persons for purposes of the federal officer removal statute.  *See Ruppel*, 701 F.3d at 1181.  Defendant states that it is a corporation, Not. Removal 11; *see also* Compl. 10 (alleging that Defendant is a corporation), so the person requirement is satisfied.

### ii.   Acting Under the United States

Courts consider government contractors to be "acting under" the United States, its agencies, or its officers when they "assist, or . . . help carry out, the duties or tasks of the federal superior," *Watson*, 551 U.S. at 152 (emphases omitted), such as "help[ing] the [g]overnment to produce an item that it needs," *Baker*, 962 F.3d at 942 (quotation marks omitted); *see, e.g.*,

*Betzner*, 910 F.3d at 1015 (finding that the defendant "plausibly alleged that it acted under federal officers when it contracted to manufacture heavy bomber aircraft for the United States Air Force, and that it acted under the military's detailed and ongoing control"). "Acting under" may include situations in which a defendant "work[s] hand-in-hand with the federal government to achieve a task that furthers an end of the federal government" or in which "the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete." *Ruppel*, 701 F.3d at 1181. However, mere compliance with the law—even where compliance is overseen by the government—is not sufficient. *Watson*, 551 U.S. at 152.

In the notice of removal, Defendant alleges that for over three decades, it manufactured MilSpec AFFF for sale to the U.S. military. Not. Removal 8. It notes that "MilSpec AFFF is a mission critical military and aviation safety product that, without the support of private contractors, the government would have to produce for itself" and that "the military has long depended upon outside contractors like [Defendant] to manufacture and supply AFFF." *Id*. at 12. Moreover, it asserts, "[i]n designing, manufacturing and supplying MilSpec AFFF products, [Defendant] acted . . . in accordance with detailed specifications, promulgated by Naval Sea Systems Command, that govern AFFF formulation, performance, testing, storage, inspection, packaging, and labeling." *Id*. at 13. Because Defendant has thus plausibly alleged that it assisted the federal government in producing a necessary item under the military's observation and control, a task the government would otherwise have had to use its own agents to complete, it has satisfied the "acting under" requirement of the federal officer removal statute. *See Nessel v. Chemguard, Inc*., No. 1:20-cv-1080, 2021 WL 744683, at *3 (W.D. Mich. Jan. 6, 2021) (finding that the defendants, private contractors, were "acting under" a federal officer by producing

MilSpec AFFF because that "is a product that the [g]overnment would have had to create if [the] [d]efendants did not exist").

### iii. Colorable Federal Defense

A defendant must also allege a "colorable or plausible federal defense." *See Hammer v. U.S. Dep't of Health & Hum. Servs*., 905 F.3d 517, 528 (7th Cir. 2018) (quotation marks omitted). Defendant has stated it intends to assert the federal government contractor defense as to MilSpec AFFF. *See* Not. Removal 15. This defense "immunizes government contractors from state tort law when the government had a hand in a defendant's allegedly defective design." *Ruppel*, 701 F.3d at 1183. It "applies where (1) the federal government approved reasonably precise specifications, (2) the manufactured equipment conformed to the government's specifications, and (3) the contractor warned the federal government about the equipment's dangers that were unknown to the government." *Betzner*, 910 F.3d at 1016 (citing *Boyle v. United Techs. Corp*., 487 U.S. 500, 512 (1988)). The defense need only be "colorable," not "clearly sustainable." *Ruppel*, 701 F.3d at 1182 (quotation marks omitted).

Defendant states that the U.S. government has approved rigorous specifications for the manufacture and sale of MilSpec AFFF, which were created and administered by Naval Sea Systems Command, namely, that,

> [a]ll MilSpec AFFF products must be qualified for listing on the applicable Qualified Products List prior to military procurement. Prior to such listing, a manufacturer's products are examined, tested, and approved to be in conformance with specification requirements. . . . After a product is added to the Qualified Products List, [c]riteria for retention of qualification are applied on a periodic basis to ensure continued integrity of the qualification status.

Not. Removal 7 (third alteration in original) (footnote omitted) (quotation marks omitted). It notes that "the current MilSpec expressly contemplates that AFFF formulations will contain [PFAS compounds]." *Id*. at 8. Defendant further alleges that the MilSpec AFFF it manufactured

conformed to the government's specifications.  *See id*. at 16 ("[Defendant's] products appeared

on the DOD Qualified Products List, which could have happened only if Naval Sea Systems

Command had first determined that they conformed to the MilSpec [specifications].").  And it

claims that "the government was adequately informed regarding alleged product-related dangers"

of MilSpec AFFF through "testing protocols and requirements for toxicity, chemical oxygen, and

biological demand."  *Id*. at 17 (quotation marks omitted) ("[I]t is clear that the United States has

long understood that AFFF contain PFAS and may contain or break down into [PFAS

compounds]; that AFFF constituents can migrate through the soil and potentially reach

groundwater; and that it has been reported that this may raise environmental or health issues.").

Defendant points to government reports from 1980 and 2017 discussing the adverse

environmental effects of AFFF to illustrate that the government was aware of the dangers of

AFFF.  *Id*. at 17–18; *see, e.g.*, *Betzner*, 910 F.3d at 1015–16 (finding that the defendant had

adequately alleged the federal government contractor defense where it alleged that "the federal

government was independently aware of the potential health hazards related to" the acts alleged

in the complaint).

   For damages related to MilSpec AFFF, Defendant has plausibly alleged each of the three

elements of the federal government contractor defense, showing a colorable federal defense.

### iv.  Under Color of Federal Authority

   The outcome of Plaintiff's motion to remand thus hinges on the "under color of federal

authority" requirement.  That a defendant acted generally under a federal directive and would

have a colorable defense for those actions is not sufficient to remove a case; the actions under

federal directive must relate to the claims brought in the suit.  *See Baker*, 962 F.3d at 943; *see*

*Ruppel*, 701 F.3d at 1181 (noting that the "under color of federal authority" requirement "is

distinct from the 'acting under' requirement in the same way a bona fide federal officer could not remove a trespass suit that occurred while he was taking out the garbage").  To satisfy this requirement, a defendant must plausibly allege that the action is "connected or associated[] with acts under color of federal office."  *Baker*, 962 F.3d at 943–44 (emphases omitted) (quotation marks omitted) (noting that this requirement is more inclusive than the previous requirement that there be a "causal connection" between the suit and acts done under governmental authority).

A removing defendant need not claim that the alleged harm arose entirely from acts done under federal authority; all that is needed is an allegation that "at least some of the [alleged harm] arose from the federal acts."  *Id*. at 945; *see also id*. ("[R]emoval need not be justified as to all claims asserted in the plaintiffs' complaint; rather, the defense need only apply to one claim to remove the case." (quotation marks omitted)).  Nor must the defendant prove conclusively that such a connection or association exists; provided that the allegations are sufficient, "whether the challenged act was outside the scope of [the] [d]efendants' official duties, or whether it was specifically directed by the federal [g]overnment, is [a question] for the federal—not state—courts to answer."  *Id*. (quotation marks omitted); *see Acker*, 527 U.S. at 432 (finding that "demanding an airtight case on the merits in order to show the required . . . connection" would "defeat the purpose of the removal statute").

In the complaint, Plaintiff seeks to recover for PFAS contamination to Illinois' environment and natural resources, including to the Mississippi River, caused by Defendant.  *See* Compl. 1, 38–45, 51–54, 57–58.  Defendant now alleges that this suit is connected to the MilSpec AFFF it manufactured for the U.S. military and which was stored at the Rock Island Arsenal—despite Plaintiff's explicit exemption of AFFF from the suit, *id*. at 8—because the alleged contamination to the Mississippi River for which Plaintiff is seeking damages "plausibly

may encompass and overlap with PFAS contamination from the use, storage, and discharge of MilSpec AFFF at the Rock Island Arsenal."  Not. Removal 2.  Thus, Defendant argues, this suit is connected or associated with its actions as a federal contractor.  Plaintiff counters that the supposed release of MilSpec AFFF from the Rock Island Arsenal "has nothing to do with a single allegation" in its complaint, as it "seek[s] relief exclusively" for non-AFFF PFAS contamination from Defendant's Cordova Facility.  Mem. Supp. Mot. Remand 1–2 ("This case only concerns [Defendant's] release of pollutants from a specific . . . facility . . . .").

"[C]ourts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based."  *Reinbold v. Advanced Auto Parts, Inc*., Case No. 18-CV-605-SMY-DGW, 2018 WL 3036026, at *2 (S.D. Ill. June 19, 2018) (collecting cases finding remand appropriate because the plaintiff expressly disclaimed claims for asbestos exposure from military or other federal government locations).  By renouncing all claims stemming from a contractor's work for the federal government, it no longer becomes necessary to assert the federal government contractor defense.  Plaintiff only seeks relief for PFAS contamination from the Cordova Facility, not for PFAS contamination from other locations.  *See* Compl. 1.  It expressly defines PFAS as non-AFFF PFAS, *id*. at 8, and Defendant does not assert in its notice of removal that it produced MilSpec AFFF at the Cordova Facility.  *See* Mem. Supp. Mot. Remand 3 ("[Defendant] does not contend that it produced or used MilSpec AFFF at its Cordova Facility." (emphasis omitted)).  This indicates that Plaintiff has expressly disclaimed claims for PFAS contamination stemming from anywhere other than the Cordova Facility—including the Rock Island Arsenal—and Defendant cannot be held liable for PFAS contamination from anywhere other than the Cordova Facility.

10

Defendant points to *Nessel* in support of its argument that it is entitled to raise "the production of MilSpec AFFF as a defense or an alternate theory' of causation" and then assert the federal government contractor defense as to contamination resulting from MilSpec AFFF. *See* Not. Removal 2 (quoting *Nessel*, 2021 WL 744683, at *3). The complaint in *Nessel* was brought to remedy contamination from commercially available AFFF only; a separate case against the same defendants involved MilSpec AFFF. *Nessel*, 2021 WL 744683, at *1. The defendants removed the suit to federal court, arguing that the injuries from commercially available AFFF and MilSpec were "indivisible," and so they intended to assert the federal government contractor defense. *Id.* The court found that removal was proper because the plaintiffs had failed to show that the injuries from the two sources would be "distinguishable" and that "[i]t [wa]s entirely possible that [the] [p]laintiffs' injuries occurred from actions taken while [the] [d]efendants were acting under color of federal office: namely, MilSpec AFFF." *Id.* at *3. It disregarded the plaintiffs' argument that they did not seek resolution of any claims related to MilSpec AFFF because they could not "decide what defense [the] [d]efendants might present." *Id.* The court elaborated:

> Consider, for example, a tort case: a plaintiff can allege that a defendant and only that defendant caused his injury, but a plaintiff cannot prevent a defendant from presenting an alternate theory of causation. Thus, while [the] [p]laintiffs attempt to surgically divide their complaints between [c]ommercial and MilSpec AFFF, they cannot prevent [the] [d]efendants from raising the production of MilSpec AFFF as a defense or an alternate theory, particularly when [the] [p]laintiffs admit that [the] [d]efendants produced MilSpec AFFF and that PFAS from AFFF spread contamination throughout the state.

*Id.* (emphases omitted).

This Court does not disagree that Defendant could point to PFAS contamination from the use and storage of MilSpec AFFF at the Rock Island Arsenal as an alternate source of the contamination that is the basis of this suit. But even without asserting the federal government

contractor defense as to that source of contamination, Defendant cannot be held liable for contamination from the Rock Island Arsenal.  In other words, once Defendant shows that a certain portion of the contamination stemmed from MilSpec AFFF released from the Rock Island Arsenal, that contamination is eliminated from the case, whether or not that MilSpec AFFF was produced according to rigorous military specifications and the government was warned of any dangers of which it was unaware.  *See supra* Section I(B)(iii); *see also New Hampshire v. 3M Co.*, Civil No. 22-cv-145-LM, 2023 WL 2691376, at *8 (D.N.H. Mar. 29, 2023) (finding that the court lacked removal jurisdiction under the federal officer removal statute in a suit brought for PFAS contamination where the plaintiff had "consistently disclaimed any recovery for contamination resulting from [the defendant's] production of AFFF" because the disclaimer eliminated the connection between the claims and the defendant's production of MilSpec AFFF for the U.S. military).  Likewise, Defendant could point to another private company releasing PFAS into the Mississippi River from another facility as an alternate source of the contamination and be released from liability for that contamination, regardless of that company's status as a federal contractor.

Permitting Defendant to remove this suit under the federal officer removal statute when the federal government contractor defense is irrelevant to the eventual resolution of the case and any PFAS it produced as a military contractor is explicitly excluded from this suit would defeat the purpose of the statute.  It is thus impossible for Defendant to be held liable for damages stemming from its actions under federal authority, and so the requisite connection or association is missing.  Because the "under color of federal authority" requirement has not been met, federal jurisdiction is not proper.  Plaintiff's motion to remand this case to state court is granted.

## II.     Attorney's Fees

In the event that the Court granted its motion to remand, Plaintiff requests that Defendant be ordered to pay the attorney's fees Plaintiff incurred as a result of the removal.  Mem. Supp. Mot. Remand 16.  28 U.S.C. § 1447(c) permits an award of attorney's fees upon remand.  The Supreme Court has held that there is no strong presumption in favor of a fee award.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005).  "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.  "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*  "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  *Id.*

The Court declines to use its discretion to order an award of fees in Plaintiff's favor.  Unlike removal under 28 U.S.C. § 1441, which "should be construed narrowly and against removal," *People of State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982), the Supreme Court has made clear that "the policy favoring removal [under § 1442(a)(1)] should not be frustrated by a narrow, grudging interpretation of" the statute, *Manypenny*, 451 U.S. at 242 (quotation marks omitted).  Moreover, it appears that Defendant has successfully removed cases involving PFAS and/or AFFF under the federal officer removal statute on a number of other occasions.  *See, e.g.*, Not. Removal 6 (collecting cases); Mem. Supp. Mot. Remand 1–2 n.1 (same).  Plaintiff's request for attorney's fees is therefore denied.

### CONCLUSION

For the foregoing reasons, Plaintiff People of the State of Illinois, *ex. rel.* Kwame Raoul, Attorney General of the State of Illinois's Motion to Remand, ECF No. 3, is GRANTED.  This

suit is remanded back to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island

County.

      Entered this 21st day of September, 2023.

s/ Sara Darrow

———————————————————

SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE

14

## IN THE UNITED STATE DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

PEOPLE OF THE STATE OF ILLINOIS,
*ex rel.* KWAME RAOUL, Attorney General
of the State of Illinois,

                Plaintiff,

        v.

3M COMPANY, a Delaware Corporation,

                Defendant.

Case No. 22-cv-4075

Judge Sara Darrow

### PLAINTIFF'S MOTION TO REMAND

Plaintiff, People of the State of Illinois, *ex rel.* Kwame Raoul, Attorney General of the State of Illinois ("People"), for the reasons set forth in its Brief in Support of this Motion, respectfully moves to remand this case to the Fourteenth Judicial Circuit, Rock Island County, Illinois.

Dated: April 29, 2022

PEOPLE OF THE STATE OF ILLINOIS,
*ex rel.* KWAME RAOUL, Attorney General
of the State of Illinois

MATTHEW J. DUNN, Chief Environmental
Enforcement/Asbestos Litigation Division

By:    *s/ Daniel R. Flynn*
       Daniel R. Flynn
       One of their attorneys

Stephen J. Sylvester
Gerald Karr
Ellen F. O'Laughlin
Karen Howard
**OFFICE OF THE ILLINOIS ATTORNEY GENERAL**
Environmental Bureau
69 West Washington Street, Suite 1800
Chicago, Illinois 60602

23

(312) 814-2550
stephen.sylvester@ilag.gov
gerald.karr@ilag.gov
ellen.olaughlin@ilag.gov
karen.howard@ilag.gov


Adam J. Levitt
Daniel Rock Flynn
Amy E. Keller
Diandra Debrosse Zimmerman*
Anna Claire Skinner*
Special Assistant Attorneys General
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dicellolevitt.com
dflynn@dicellolevitt.com
akeller@dicellolevitt.com
fu@dicellolevitt.com
askinner@dicellolevitt.com


Gregory M. Utter*
Joseph M. Callow, Jr.*
Special Assistant Attorneys General
Sarah V. Geiger*
Collin L. Ryan*
Matthew M. Allen*
Joseph B. Womick*
**KEATING MUETHING & KLEKAMP PLL**
1 East 4th Street, Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400
gmutter@kmklaw.com
jcallow@kmklaw.com
sgeiger@kmklaw.com
cryan@kmklaw.com
mallen@kmklaw.com
jwomick@kmklaw.com


Richard W. Fields*
Martin Cunniff*
Special Assistant Attorneys General

**FIELDS PLLC**
1700 K Street NW, Suite 810
Washington, DC 20006
(833) 382-9816
fields@fieldslawpllc.com
martin.cunniff@fieldslawpllc.com

*Motions for admission pro hac vice to be filed

## CERTIFICATE OF SERVICE

I certify that on April 29, 2022, I caused true and correct copies of the foregoing Motion to Remand and Brief in support thereof, with its Exhibits, was served electronically upon all parties to this action and their counsel through this Court's electronic filing system.

*s/ Daniel R. Flynn*

Daniel R. Flynn

Counsel for Plaintiff
